**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| DOUGLAS PETERS, TRUSTEE OF THE DOUGLAS PETERS DECLARATION OF TRUST DATED MAY 6, 2004, DOUGLAS PETERS, IRWIN PETERS,<br>Plaintiff,<br>v.<br>COMERICA BANK, ONITY MORTGAGE CORPORATION,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. ________________ |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

**I. INTRODUCTION**

Defendant, Onity Mortgage Corporation ("Onity"), removes the action pending in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case No. 2026-CA-009933XXXAMB. The Palm Beach County Circuit Court is within the West Palm Beach division of the Southern District of Florida. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because Plaintiffs, Douglas Peters, Trustee of the Douglas Peters Declaration of Trust Dated May 6, 2004, Douglas Peters, and Irwin Peters' (collectively hereinafter, the "Plaintiffs"), have brought claims for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), a federal statute, against Onity and Defendant, Comerica Bank ("Comerica") and has raised a state law claims breach of

contract solely against Comerica, which form part of the same case or controversy as Plaintiffs' federal claims.

## II. PROCEDURAL BACKGROUND AND COMPLIANCE

Plaintiffs filed their action in state court on September 2, 2026. Onity was served with a copy of the Complaint with Jury Demand (the "Complaint") on September 4, 2026, and the deadline to remove this action is thirty (30) days from the date of service. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) ("we interpret § 1446(b) to permit each defendant thirty days [following service of process] in which to seek removal."). Accordingly, Onity's deadline for removal is October 4, 2026. Therefore, this notice is timely pursuant to 28 U.S.C. § 1446(b). To the best of Onity's knowledge, Defendant, Comerica Bank, has not yet been served in this action.

An updated and correct copy of the Palm Beach County Circuit Court's docket is attached hereto as **Exhibit 1**.

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as **Composite Exhibit 2** in compliance with 28 U.S.C. § 1446(a). Onity will file any supplemental papers not available as of the date of this notice if it becomes necessary.

Contemporaneous with the filing of this notice of removal, Onity has served a notice of filing notice of removal upon Plaintiffs as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **Exhibit 3**. The original notice, with

exhibits, is being filed with the Clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined **and served** must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A) (emphasis added). To date, and based on publicly available information and belief, Onity is the only defendant who has been served in this action, and it may remove the action without seeking the consent of any other defendant. *See Johnson v. Wellborn*, 418 F.App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served."); 28 U.S.C. § 1446(b)(2)(A).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

## III. SUMMARY OF THE GROUNDS FOR REMOVAL

Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). The primary basis of Plaintiffs' claims is Defendants' alleged violation of RESPA, 12 U.S.C. § 2605, *et seq.* Accordingly, this Court has original jurisdiction over these claims. Additionally, Plaintiffs' state law claim breach of contract is subject to this Court's supplemental jurisdiction under 27 U.S.C. § 1367(a), as this claim forms part of the same case or controversy as Plaintiffs' federal claims. Lastly, if the Court does not find it has supplemental jurisdiction, it would

have jurisdiction over the Plaintiff's state law claim under 28 U.S.C. 1441(c), Joinder of Federal law claims and State law claims.

**A. <u>Plaintiffs' Complaint Raises a Federal Question.</u>**

Pursuant to 28 U.S.C. § 1331, United States District Courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010). Accordingly, claims for violation of federal statutes properly give rise to federal question jurisdiction, including violations of RESPA, which are the claims asserted by Plaintiffs in the instant action. *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1274 (11th Cir. 2010); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014); *Dunning v. Portfolio Recovery Assocs.*, LLC, 903 F.Supp.2d 1362, 1363 (S.D. Fla. 2012).

Federal courts answer "the question whether a claim 'arises under' federal law...by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983)). Here, Plaintiffs' complaint asserts two counts for violation of RESPA. *See* Ex. 2, Complaint at ¶¶ 42-48; 52-58. Because federal law created the sole foundation of these causes of action, these claims arise under federal law. *See Merrell Dow Pharm. Inc.*, 478 U.S. at 808. Accordingly, Plaintiffs have raised a federal question by bringing an action arising

under the laws of the United States, which invokes the original jurisdiction of this Court. Therefore, removal is proper.

**B. <u>This Court Has Jurisdiction Over Plaintiffs' State Law Claim.</u>**

In addition to his federal claims, Plaintiffs' complaint asserts a cause of action for breach of contract under Florida law. *See* Ex. 2, Complaint at ¶¶ 49-51. Pursuant to 28 U.S.C. § 1367(a), "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* In this case, Plaintiffs' breach of mortgage claim derives from the same common nucleus of operative fact as their claims under RESPA. *See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678-679 (11th Cir. 2012). Specifically, all claims asserted by Plaintiffs in this action concern the same mortgage loan. *See Deutsche Bank Nat'l Trust Co. v. Diamond*, Case No. 6:16–cv–2234–Orl–37DCI, 2017 WL 587253, at *2 (M.D. Fla. Feb. 14, 2017); *Jean-Baptiste v. Business Law Group, P.A.*, Case No. 8:16-cv-2027-T-33AEP, 2016 WL 4163574, at *4-5 (M.D. Fla. Aug. 4, 2016). Plaintiffs' breach of contract cause of action is based upon the underlying mortgage that created the relationship between the parties. *See* Ex. 2, Complaint at ¶ 50. Plaintiffs' breach of contract claim clearly arises from the same nucleus of operative fact as it is based on allegations that are also contained in Plaintiffs' federal law claims under RESPA. *See id*. As Plaintiffs' state law claim

forms part of the same case or controversy as the federal claims over which this Court has original jurisdiction, this Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a), and therefore, removal of the state law claim is also proper.

If the Court finds Plaintiffs' state law claims are not within its supplemental jurisdiction, this Court has jurisdiction pursuant to 28 U.S.C. 1441(c), Joinder of Federal law claims and State law claims, which provides that "[i]f a civil action includes: (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." Plaintiffs have clearly raised claims arising under "the Constitution, laws, or treaties of the United States" and if the Court finds it does not have supplemental jurisdiction over Plaintiffs' state law claims, the case can still be removed under 28 U.S.C. 1441(c). Therefore, removal of the state law claim is proper.

### C. <u>This Action is Filed in Palm Beach County, Located in the West Palm Beach Division of this Court.</u>

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.*

Here, Plaintiffs' action has been filed in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. Palm Beach County is located within the West Palm Beach Division of this Court. Thus, and without conceding that the current venue (Palm Beach County) is appropriate based on the residence of the Plaintiffs, Onity states that removal to the West Palm Beach Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

## IV. CONCLUSION

Removal is proper because the complaint falls within this Court's original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(c). Plaintiffs have brought a civil action for violation of the laws of the United States, specifically two claims arising from a federal statute (RESPA), thus invoking original federal question jurisdiction of this Court. Additionally, Plaintiffs' state law claim, for breach of contract forms part of the same case or controversy, and as such, are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Onity has met all procedural requisites for removal, and this notice is timely filed. As such, Onity respectfully requests this Court take jurisdiction and conduct all further proceedings in this case.

Submitted this October 2, 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
Facsimile: (954) 333-3930
*Counsel for Defendant, Onity Mortgage Corporation*

By: */s/ Matthew R. Feluren*
Eve A. Cann
Florida Bar No. 40808
*ecann@bakerdonelson.com*
Matthew R. Feluren
Florida Bar No.: 85879
*mfeluren@bakerdonelson.com*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I served the foregoing document by e-mail and/or U.S. Mail to the following:

Gregory R. Elder, Esq.
**Law Offices of Gregory R. Elder, PLLC**
2300 N.W. Corporate Boulevard, Suite 215
Boca Raton, FL 33431
Phone: (305) 546-1061
gelderlaw@gmail.com
*Counsel for Plaintiff*

Jason Evans, Esq.
**Law Offices of Jason Evans, LLC**
**d/b/a Evans Law**
2300 N.W. Corporate Boulevard, Suite 215
Boca Raton, FL 33431
Phone: (561) 832-8288
jason@evanslawfl.com
*Counsel for Plaintiff*

Comerica Bank
c/o Registered Agent: Corporate Creations Network Inc.
801 US Highway 1
North Palm Beach, FL 33408

*/s/ Matthew R. Feluren*
Matthew R. Feluren